PROB 12C
(REVISED 5/2011)

# United States District Court
for
## Middle District of Tennessee

## Superseding Petition for Summons for Offender Under Supervision
[Supersedes Petition Filed as Docket Entry No. 284]

Name of Offender: Kenneth Matthew Thornton      Case Number: 3:02-00074-02

Name of Judicial Officer: The Honorable Todd J. Campbell, U. S. District Judge

Date of Original Sentence: June 6, 2003

Original Offense: 18 U.S.C. § 924(c) Using and Carrying a Firearm (Molotov Cocktail) During and in Relation to a Crime of Violence

Original Sentence: 144 months' custody followed by 3 years' supervised release

Type of Supervision: Supervised Release      Date Supervision Commenced: September 17, 2012

Assistant U.S. Attorney: Lee Deneke      Defense Attorney: Michael Holley

**PETITIONING THE COURT**
- ___ To issue a Summons.
- ___ To issue a Warrant.
- _X_ To Consider Additional Alleged Violations/Information.

**THE COURT ORDERS:**
- ☐ No Action
- ☐ The Issuance of a Warrant:
  - ☐ Sealed Pending Warrant Execution
    (cc: U.S. Probation and U.S. Marshal only)
- ☐ The Issuance of a Summons.
- ☒ The Consideration of Additional Alleged Violations/Information
- ☐ Other

Considered this 23 day of July, 2014, and made a part of the records in the above case.

Todd J. Campbell
U. S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

Joshua Smith
U. S. Probation Officer

Place      Nashville, Tennessee

Date       July 22, 2014

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 284, has been amended as follows:

    Violation No.1 - has been amended to include additional positive drug tests

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|

**1.**     **The defendant shall refrain from any unlawful use of a controlled substance.**

Mr. Thornton has tested positive for marijuana on twelve occasions.

| | | | |
|---|---|---|---|
| August 30, 2013 | September 10, 2013 | December 30, 2013 | January 9, 2014 |
| January 22, 2014 | February 13, 2014 | February 24, 2014 | March 5, 2014 |
| March 12, 2014 | March 27, 2014 | April 15, 2014 | April 24, 2014 |

A toxicology report was requested from Alere Toxicology to determine if the drug tests from February 24, 2014, through March 27, 2014, were positive for marijuana as a result of residual concentration from previous use or was as a result of new use. According to Pat Pizzo, Director of Toxicology from Alere Toxicology, Mr. Thornton reused marijuana prior to the collections on February 24, 2014, March 5, 2014, March 12, 2014, and March 27, 2014. Mr. Thornton also tested positive for cocaine on December 30, 2013.

Mr. Thornton has tested positive for marijuana on four additional occasions, May 5, May 21, June 19, and June 23, 2014. On June 23, 2014, he admitted to recent use of marijuana. According to Pat Pizzo, Director of Toxicology from Alere Toxicology, Mr. Thornton reused marijuana prior to the collections on May 5, and May 21, 2014. He tested negative on two occasions, May 27 and June 3, 2014.

**Mr. Thornton has tested positive for marijuana on two additional occasions, July 2 and July 7, 2014. Mr. Thornton met with the probation officer on July 2, 2014, and denied recent use of marijuana. He reported that he believes he is testing positive as a result of his family's purchase of spices that apparently had marijuana mixed in them.**

**2.**     **The defendant shall participate in a program of drug testing and substance abuse treatment.**

Mr. Thornton failed to report for drug testing on three occasions.

February 4, 2014      March 5, 2014      March 26, 2014

**3.**     **The defendant shall not commit another federal, state or local crime.**

On April 22, 2014, Mr. Thornton was arrested by the Nashville Metropolitan Police Department and charged with Driving Under the Influence. According to the affidavit, police responded to a traffic accident where a car had rolled over. Police noticed the smell of alcohol coming from Mr. Thornton, who had been driving the vehicle. The standard field sobriety tasks were performed on Mr. Thornton, and he showed signs of impairment during the performance of the tasks. He was very talkative and loud and became very combative towards the police once he was placed under arrest. He attempted to kick out a window of the police car when placed in the vehicle. After the breath alcohol test was administered, his BAC registered at 0.088.

On April 23, 2014, Mr. Thornton pled guilty to the reduced charge of Reckless Driving and was sentenced to six months' probation and ordered to pay a total of $1,014 in court costs and fines. His next hearing is scheduled July 18, 2014, in Davidson County General Sessions Court.

On April 24, 2014, Mr. Thornton met with the probation officer to discuss the automobile wreck and criminal charge. He reported that he drank a twenty-four ounce beer prior to leaving from work. On his drive home, he overcorrected his vehicle which led to an accident and his vehicle turning over. He denied being intoxicated during the wreck.

**Compliance with Supervision Conditions and Prior Interventions:**

Mr. Thornton began supervised release on September 17, 2012, and is scheduled to terminate on September 16, 2015.

Mr. Thornton was referred for a substance abuse assessment in October 2012. The assessment was completed and no treatment was recommended at that time.

On November 12, 2013, a report requesting no action was submitted to the Court to inform that Mr. Thornton tested positive for marijuana on two occasions and had failed to pay restitution as ordered. No action was taken at that time. As a result of the marijuana use, he was referred again for substance abuse treatment and has remained in treatment since that time.

Mr. Thornton was recommended for a psychiatric evaluation in January 2014, after reporting personal stressors and family problems to the treatment provider. The U.S. Probation Office has authorized the treatment provider to conduct the evaluation. An evaluation has not been completed at this time, as Mr. Thornton reported conflicts with his work schedule. As a result of the automobile accident, the treatment provider was contacted to schedule a psychiatric evaluation. Mr. Thornton acknowledges willingness to participate in mental health treatment. It is currently scheduled for May 5, 2014.

On March 17, 2014, a report requesting no action was submitted to the Court to inform that Mr. Thornton tested positive for marijuana on three occasions, tested positive for cocaine on one occasion and failed to report for drug testing on one occasion. No action was taken at that time.

On May 2, 2014, a petition requesting a summons was submitted to the Court to inform that Mr. Thornton tested positive for marijuana on twelve occasions, failed to report for drug testing on three occasions, and was arrested for Driving Under the Influence in April 2014. A summons was ordered and a revocation hearing is currently scheduled before Your Honor on July 28, 2014.

On May 5, 2014, a psychiatric evaluation was completed on Mr. Thornton. As a result of the evaluation, he was diagnosed with Bipolar Disorder, Posttraumatic Stress Disorder, Cannabis Dependence, and Alcohol Dependence. He was prescribed prazosin and Depakote to address the mental health concerns. He has continued to participate in substance abuse and mental health treatment to date. **Despite Mr. Thornton's participation in substance abuse and mental health treatment, his drug use has continued.**

**Update of Offender Characteristics:**

Mr. Thornton has been employed since the start of supervision. He began his current employment at Fiddler's Inn during July 2013. His employment became full-time in February 2014. He currently lives with his girlfriend and their two children.

## U.S. Probation Officer Recommendation:

**It is respectfully requested that the additional violations/information be considered at the revocation hearing scheduled before Your Honor on July 28, 2014.**

**This matter has been reported to the U.S. Attorney's Office, and they concur with the recommendation.**

Approved: _____
Vidette Putman
Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
### UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. KENNETH MATTHEW THORTON, CASE NO. 3:02-00074-02

**GRADE OF VIOLATION:**　　　C
**CRIMINAL HISTORY:**　　　　VI

**ORIGINAL OFFENSE DATE:**　　　POST APRIL 3, 2003　　　VCCA PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 5 years (Class A felony) *18 U.S.C. § 3583(e)(3)* | 8-14 months *U.S.S.G. § 7B1.4(a)* | No recommendation |
| SUPERVISED RELEASE: | 5 years less any term of imprisonment *18 U.S.C. § 3583(h)* | 2-5 years *U.S.S.G. § 5D1.2(a)(1)* | No recommendation |

Revocation is mandatory if the Court finds the defendant possessed a controlled substance in violation of the condition set forth in subsection (d). 18 U.S.C. § 3583(g)(1). Revocation is also mandatory if the defendant tests positive for illegal controlled substances more than 3 times over the course of 1 year. The Court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule section 3583 (g) when considering any action against a defendant who fails a drug test. 18 U.S.C. § 3583 (d).

**Guideline Policy Statements:** Upon finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

Respectfully Submitted

_____
Joshua Smith
U. S. Probation Officer

Approved: _____
Vidette Putman
Supervisory U. S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant**  Kenneth Matthew Thornton

2. **Docket Number** *(Year-Sequence-Defendant No.)*  0650 3:02CR00074 - 2

3. **District/Office**  Middle District of Tennessee

4. **Original Sentence Date**  06 / 06 / 2003
                                            month  day  year

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

   | Violation(s) | Grade |
   |---|---|
   | positive drug tests | C |
   | failure to report for drug testing | C |
   | criminal charges | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*  [ C ]

9. **Criminal History Category** *(see §7B1.4(a))*  [ VI ]

10. **Range of Imprisonment** *(see §7B1.4(a))*  [ 8-14 ] months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

    ☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    ☒ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    ☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

LF021
REV 05/01

**Defendant** Kenneth Matthew Thornton

12. **Unsatisfied Conditions of Original Sentence**

   List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

   Restitution($) 16, 255.26        Community Confinement _____

   Fine($)        _____    Home Detention         _____

   Other          _____    Intermittent Confinement _____

13. **Supervised Release**

   If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

   Term: 2 to 5 years

   If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

   Period of supervised release to be served following release from _____
   imprisonment:

14. **Departure**

   List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment (see §7B1.3(e)):** _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002